**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4043**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

HECTOR DANIEL VILLANUEVA-CORTES,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:13-cr-00340-RWT-1)

Submitted:  May 30, 2014                Decided:  July 3, 2014

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Fischer, Sr., LAW OFFICES OF FISCHER & PUTZI, P.A., Glen Burnie, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Kelly O. Hayes, Assistant United States Attorney, Colin Allred, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Daniel Villanueva-Cortes pleaded guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326 (2012). The district court sentenced Villanueva-Cortes to eighteen months' imprisonment, which included an upward variance of twelve months from the high end of the properly calculated Sentencing Guidelines range. He appeals, claiming that the district court improperly relied upon the need to avoid unwarranted sentence disparities when it varied upward. See 18 U.S.C. § 3553(a)(6) (2012). Concluding that the court did not err, we affirm.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, we review the sentence for substantive reasonableness,

"tak[ing] into account the totality of the circumstances." Id. at 51.

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." Carter, 564 F.3d at 330 (internal quotation marks omitted). When a district court imposes a sentence that falls outside of the applicable Guidelines range, this Court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

We conclude that the district court did not improperly rely upon the need to avoid unwarranted sentencing disparities under § 3553(a)(6) to the exclusion of the other statutory sentencing factors. The court described how each sentencing factor related to Villanueva-Cortes' individual circumstances and why that factor supported an upward variance. We also conclude that the court did not improperly rely upon the sentence imposed in another case to determine the length of the variance. After reviewing the circumstances, we hold that the sentence imposed, including the 12 month upward variance, was reasonable.

Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED